IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY E. MANUS, | ) | |
|     Plaintiff | ) | Civil Action No. 14-26 Erie |
| | ) | |
| v. | ) | District Judge Fischer |
| | ) | |
| MILLCREEK TOWNSHIP, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the motion to dismiss for insufficiency of service of process filed by Defendants Millcreek Township and Brian P. McGrath [ECF No. 13] be granted in part and denied in part, such that, in lieu of dismissal, service of process on Defendants Millcreek and McGrath should be quashed and Plaintiff should be given forty-five (45) days from the date of the final order to effect proper service upon said Defendants or suffer dismissal of this action, with prejudice.

It is further recommended that Plaintiff's claims against Defendants Suzanne R. Weber and Joseph S. Kujawa be dismissed, *sua sponte*, for Plaintiff's failure to serve them within 120 days of the filing of the complaint, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

Plaintiff Larry E. Manus initiated this action on January 29, 2014, by filing a complaint

under Sections 1981 and 1983 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 and 1983, and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, against Defendants Millcreek Township, Erie County, Pennsylvania ("Millcreek"); and Millcreek Township Supervisors Suzanne R. Weber ("Weber"), Brian P. McGrath ("McGrath"), and Joseph S. Kujawa ("Kujawa"). Plaintiff alleges claims of wrongful discrimination on the basis of race and wage disparity, workplace retaliation, and a state law claim of breach of contract.

After several erroneous attempts by Plaintiff to obtain summonses, the Clerk ultimately issued summonses only as to Defendants Millcreek and McGrath on February 19, 2014.[1] [ECF No. 6]. Plaintiff subsequently filed a certificate of service, dated May 9, 2014, indicating that Defendants Millcreek and McGrath had each been personally served with a summons at the Millcreek Municipal Building; however, no date of service was given. [ECF No. 8].

On June 12, 2014, Defendants Millcreek and McGrath filed a motion to dismiss for insufficiency of service of process under F.R.C.P. Rule 12(b)(5), arguing that Plaintiff never properly effectuated service upon said Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure [ECF No. 13].[2] As a result, said Defendants seek dismissal of this action,

---

[1] According to the docket, Plaintiff made no attempt to obtain summonses as to Defendants Weber and Kujawa, nor is there any indication that Plaintiff ever attempted to effectuate service upon said Defendants. [See ECF No. 5].

[2] In their motion, Defendants mistakenly cite Fed.R.Civ.P. Rule 5 rather than Rule 4; however, this error is corrected in Defendants' reply to Plaintiff's "surrebuttal brief." [ECF No. 17]. Also, the Court notes that, prior to filing the instant motion, Defendants' attorney entered a general appearance on behalf of Defendants Millcreek and McGrath [ECF Nos. 11 and 12, respectively]. Nonetheless, the entry of a general appearance does not constitute a waiver of personal service so long as the issue of insufficient service is raised in the first responsive pleading or Rule 12 motion, as Defendants have done here. <u>Lawson v. Rite Aid of Pennsylvania, Inc.</u>, 2006 WL 2136098, at *2 fn. 4 (E.D.Pa. July 26, 2006), <u>citing</u> 2 *Moore's Federal Practice*, § 12.33[2] (Matthew Bender 3d ed.).

with prejudice or, alternatively, request that service be quashed. Plaintiff has since filed a "surrebuttal brief" in response to Defendants' motion [ECF No. 16], to which Defendants have filed a reply [ECF No. 17]. This matter is now ripe for consideration.

### B. Standard of Review

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss an action for "insufficiency of process" upon motion of a defendant claiming that plaintiff has failed to properly serve the defendant with the summons and complaint. "[T]he party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Group Ltd. V. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (citation omitted). "In addressing such motions, '[t]he courts have broad discretion to dismiss the action or to retain the case but quash service that has been made on defendant[s].'" Id. Nonetheless, the Third Circuit Court has held that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiff free to effect proper service." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).

### C. Discussion

#### 1. Defendants Millcreek and McGrath

In support of their motion to dismiss, Defendants Millcreek and McGrath have submitted the sworn written statements of Defendant McGrath and Carol A. Pirello ("Pirello"), receptionist at the Millcreek Municipal Building, 3608 West 26th Street, Erie, PA 16509. [ECF Nos. 14-1 and 14-2, respectively]. Pirello's statement indicates that Plaintiff delivered to her desk a package addressed to Millcreek Township, with instructions to give the package to the Millcreek Township Supervisors. [ECF No.14-2, p. 1]. Presumably, this package contained one or both of

the summonses that were issued to Defendants Millcreek and McGrath. This presumption is bolstered by Defendant McGrath's statement indicating that his summons was given to him by the Millcreek Township Treasurer, who had received the summons from Pirello. [ECF No. 14-1, p. 1]. Furthermore, Plaintiff's Proofs of Service verify that the summonses were "personally served" at the Millcreek Municipal Building, although no date of service is given, nor is there any identification of the person upon whom service was made. [ECF No. 10].

Fed.R.Civ.P. 4(e) applies to service of original process upon individuals, like Defendant McGrath, and provides as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law prescribes otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

It's clear from the record that Plaintiff's service upon Defendant McGrath did not satisfy any of the options available under Rule 4(e)(2). Thus, the Court must refer to state law under Rule 4(e)(1), to determine whether proper service was effectuated upon Defendant McGrath. The applicable rule in Pennsylvania is Pa.R.Civ.P. 402(a), which provides:

(a) Original process may be served

(1) by handing a copy to the defendant

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides...; or

(ii) at the residence of the defendant to the clerk or manager of the hotel… or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Here, Plaintiff claims that service upon Defendant McGrath was effectuated pursuant to Pa.R.Civ.P. 402(a)(2)(iii)[3]; however, Defendant McGrath's sworn statement makes clear that Pirello was not his authorized agent. (ECF No. 14-1, p. 1). Furthermore, as a receptionist, Pirello may not be considered a person in charge of the Millcreek Township office, at least at this point in the proceedings. Thus, the record confirms that Defendant McGrath was not properly served with the summons and complaint in this matter.

With regard to Defendant Millcreek, Fed.R.Civ.P. 4(j)(2) sets forth the requirements for serving a state or local government, as follows:

**(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or

**(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or lie process on such a defendant.

---

[3] In his "surrebuttal brief," Plaintiff also cites Fed.R.Civ.P. 5(b)(2) in support of his claim that the summons was properly served upon Defendant McGrath; however, Rule 5 pertains to service of all pleadings and papers other than original process and is, thus, inapplicable.

Because service was not attempted on Defendant Millcreek's chief executive officer, the Court must once again refer to Pennsylvania law. In particular, Pa.R.Civ.P. 422(b) governs service of original process upon a political subdivision:

> (b) Service of original process upon a political subdivision shall be made by handing a copy to
>
> (1) an agent duly authorized by the political subdivision to receive service of process, or
>
> (2) the person in charge at the office of the defendant, or
>
> (3) the mayor, or the president, chairman, secretary or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman or clerk of the board of county commissioners.

As receptionist, Pirello does not fill any of the roles described in Pa.R.Civ.P. 422(b)(1)-(3). Thus, Plaintiff's attempt to serve Defendant Millcreek by leaving a summons on Pirello's desk was insufficient service of process under applicable federal and state rules of civil procedure.

Because neither Defendant Millcreek nor Defendant McGrath was properly served with original process in this matter, the Court may either dismiss this action or quash service upon said Defendants. Although Plaintiff has failed to show that good cause exists for his failure to effectuate proper service upon Defendants Millcreek and McGrath, the Court "retains great discretion in determining whether to extend time for proper service, even in the absence of a showing of good cause." The Knit With v. Knitting Fever, Inc., 2010 WL 2788203, at *12 (E.D.Pa. July 13, 2010), citing Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1305 (3d Cir. 1995).Thus, the Court recommends that, in lieu of dismissal of this action, Plaintiff's

service upon Defendants Millcreek and McGrath be quashed and Plaintiff be given forty-five (45) days after the date of the District Court's final order to effectuate service upon said Defendants in accordance with Fed.R.Civ.P. 4.

### 2. Defendants Weber and Kujawa

As noted earlier, unlike his attempts to serve Defendants Millcreek and McGrath with the summons and complaint in this matter, Plaintiff has made no effort to serve Defendants Weber and Kujawa. Indeed, the docket indicates that Plaintiff only requested and obtained summonses as to Defendants Millcreek and McGrath. [ECF Nos. 5, 6]. Since well over one hundred twenty (120) days have passed since the complaint was filed in this matter without any attempt to serve Defendants Weber and Kujawa, said Defendants should be dismissed from this case, *sua sponte*, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss for insufficiency of service of process filed by Defendants Millcreek Township and Brian P. McGrath [ECF No. 13] be granted in part and denied in part, such that, in lieu of dismissal, service of process on Defendants Millcreek and McGrath should be quashed and Plaintiff should be given forty-five (45) days from the date of the final order to effect proper service upon said Defendants or suffer dismissal of this action, with prejudice.

It is further recommended that Plaintiff's claims against Defendants Suzanne R. Weber and Joseph S. Kujawa be dismissed, *sua sponte*, for Plaintiff's failure to serve them within 120

days of the filing of the complaint, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 14, 2015

cc: The Honorable Nora Barry Fischer
United States District Judge